IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA, LLC d/b/a/ IXO,** § § | | |
| Plaintiff, § | Civil Action No. 6:09cv327-LED-JDL | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| **CME GROUP INC., ET AL.,** § § | | |
| **Defendants.** § | | |

## ORDER

Before the Court is the parties' Joint Motion for a Reasonable Number of Email Custodians (Doc. No. 228) ("Joint Motion"). Pursuant to an Order issued April 20, 2010 (Doc. No. 202), the parties each presented their respective proposals for a reasonable number of custodians to be searched for responsive electronically stored information ("ESI") as discovery progresses in this case. Plaintiff Realtime Data, LLC d/b/a IXO ("Realtime") proposes that thirty-five ("35") custodians from the CME Defendants be searched. Defendants CME Group Inc., Board of Trade of the City of Chicago, and New York Mercantile Exchange, Inc. (collectively, "the CME Defendants") oppose the Realtime proposal and alternatively request that thirteen ("13") CME custodians be searched. Having considered the arguments presented by each side, the Court **GRANTS** the Motion and offers additional guidance as to the identification of custodians to be searched for ESI.

The Court will require that the 13 custodians identified by the CME Defendants be searched

for ESI.[1] Beyond these 13 individuals, the Court further **ORDERS** that the CME Defendants identify and offer a custodian likely to possess financial information relevant to this case.[2] The CME Defendants are also **ORDERED** to identify and offer a custodian who is an engineer or network architect with knowledge as to issues such as "testing, certification, and the structure and design of accused instrumentalities."[3] *See* JOINT MOTION at 4. Should the parties dispute who will serve as such a custodian, Realtime will be permitted to select the individual from the CME Defendants' Initial Disclosures.

Accordingly, the Motion is **GRANTED** as to the fifteen ("15") custodians identified herein. The Court leaves open the possibility of revisiting this issue should Realtime be able the demonstrate specifically why it perceives the produced custodians to be insufficient. Once discovery progresses, should Realtime identify informational gaps in the discovery provided by the CME Defendants' ESI custodians, Realtime will have the opportunity to request relief describing the missing discovery. If further custodians are requested, Realtime should clearly identify the type of custodian sought, what relevant information each requested custodian is believed to possess, what type of discovery Realtime intends to secure from each custodian, and why Realtime needs the additional information.

---

[1] These 13 custodians include the nine custodians initially identified by the CME Defendants, as well as the four additional custodians who were offered following discussions with Realtime. *See* JOINT MOTION at 5.

[2] Realtime notes that John Pietrowicz possesses such information but was not proposed by the CME Defendants. Should the parties dispute a custodian possessing the requisite information, Realtime will be permitted to select the custodian of its choosing, including Mr. Pietrowicz. *See* JOINT MOTION at 4, n.5.

[3] As identified by Realtime, this custodian should be "further down the chain" from custodians that the CME Defendants have already offered to produce for ESI searches.

**So ORDERED and SIGNED this 20th day of May, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE